IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC,<br><br>     Plaintiffs,<br><br>   v.<br><br>OZONE PROJECT LTD.<br><br>     Defendant. | Case No.  7:25-cv-00411<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST OZONE PROJECT LTD.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "AlmondNet" or "Plaintiffs") make the following allegations against Defendant Ozone Project Ltd. ("Defendant" or "Ozone"):

### INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiffs, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,677,398 and 8,959,146 (collectively, the "Asserted Patents"). Plaintiffs own all right, title, and interest in the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business

at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5. On information and belief, Ozone Project Ltd. is United Kingdom corporation headquartered at New City Court, 20 St Thomas Street, London, United Kingdom, SE1 9RS, at which Ozone Project Ltd. can be served with process.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Ozone in this action because Ozone has committed acts of infringement within this District giving rise to this action and has established

minimum contacts with this forum such that the exercise of jurisdiction over Ozone would not offend traditional notions of fair play and substantial justice. Ozone, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents. *See, e.g.* Ex. 1 (Ozone Premium publisher webpage visited by a user in Texas); *see also* Ex. 2 (Jay Declaration) at 1; Ex. 3 at 5-6 ("connect your brands to nearly 25m Americans through our precision targeting").

9. Venue is proper in this District under 28 U.S.C. § 1391. On information and belief, Ozone is a foreign company that is not resident in the United States and has committed acts of infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

10. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

11. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 4.

12. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports Ozone's computer systems that implement and provide the Ozone platform, including but not limited to components such as Ozone Identify that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

13. The infringement of the '398 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that

result in infringement of the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

14. Defendant's infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '398 patent and that the Accused Instrumentalities infringed. Despite Defendant's knowledge of or willful blindness to the '398 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continues to infringe the '398 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '398 patent. Accordingly, Defendant is liable for willful infringement.

15. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 13 of the '398 patent to a representative Accused Instrumentalities is attached as Exhibit 5, which is hereby incorporated by reference in its entirety.

16. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

17. As a result of Defendant's infringement of the '398 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

18. Plaintiffs are entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '398 patent.

19. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

20. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

21. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,959,146, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015 ("the '146 patent"). A true and correct copy of the '146 patent is attached as Exhibit 6.

22. By providing the Accused Instrumentalities (including the Ozone Platform service), Defendant knowingly and intentionally induces infringement of one or more method claims of the '146 patent in violation of 35 U.S.C. § 271(b). Defendant induces infringement of the '146 patent by facilitating the delivery of a demand side platform's ("DSP's") ID, which is generated as a result of a cookie sync with a DSP, via one or more fields included in a bid request. *See* https://iabtechlab.com/id-generation-provenance-and-clarification/. The purpose of providing this ID value is so that DSPs can use profile information associated with that ID for purposes of targeting, as recited in claim 1 of the '146 patent. *See id.*; https://adalytics.io/blog/user-id-rotation ("In programmatic advertising, vendors utilize user IDs to build audience profiles and decide how to serve targeted ads. For example, a user with a given user ID might frequent a lot of gardening websites, and consequently, when ad tech vendors

'see' that specific user ID, the vendors serve ads to that user ID from advertisers who are promoting gardening tools"); https://help.smartadserver.com/articles/Knowledge/Extended-User-Identification ("User identification across the inventory chain from Supply to Demand is critical to allow for targeting…."). As shown by the above evidence, it is well known in the industry that identifiers provided to bidders, e.g., DSPs, are used to target advertisements to users based on profile information collected from other websites.

23. Defendant's infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '146 patent and that the Accused Instrumentalities infringed. Despite Defendant's knowledge of or willful blindness to the '146 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continues to infringe the '146 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '146 patent. Accordingly, Defendant is liable for willful infringement.

24. A claim chart comparing independent method claim 1 of the '146 patent to a representative Accused Instrumentalities is attached as Exhibit 3, which is hereby incorporated by reference in its entirety.

25. As shown in Exhibit 3, the DSP's use of the Ozone-provided IDs (or IDs derived from the IDs provided by Ozone) to use profile information to submit a bid response to target advertisements directly infringes the '146 patent, and thus provision of those IDs in a bid request as well as monetizing the publisher's ad space by accepting the price condition in the bid response received from the DSP induces to the infringement of the '146 patent. On information and belief, Ozone intends for this ID-based targeting to occur, because it results in more bid responses at higher prices. Despite this knowledge of the '146 patent, Defendant continues to make, use, offer

6

for sale, sell, and and/or import the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, offer for sale, sell, and/or import the Accused Instrumentalities in ways that directly infringe the '146 patent. Defendant does so intending that its customers and end users will commit these infringing acts.

26. As a result of Defendant's infringement of the '146 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendant has directly infringed the '398 patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiffs that Defendant has induced infringement of the '146 patent;

c. A judgment in favor of Plaintiffs finding post-suit willful infringement as to the Asserted Patents;

d. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to pay Plaintiffs their damages, costs,

expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

f. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: September 5, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025

Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
stull@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

*Attorneys for Plaintiffs*
*AlmondNet, Inc. and*
*Intent IQ, LLC*